UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAY AREA BALANCING AND CLEANROOMS, INC., <br><br> Defendant. | Case No.  21-cv-02721-JCS <br><br> **ORDER GRANTING MOTION TO DISMISS CROSS-CLAIMS** <br><br> Re: Dkt. No. 25 |

Plaintiffs—several union benefit trust funds and their trustees—brought this action under the Employment Retirement Income Security Act ("ERISA") seeking to collect contributions purportedly unpaid by Defendant Bay Area Balancing and Cleanrooms, Inc. ("Bay Area Balancing").  Bay Area Balancing and its individual owner, Mark Avila, filed several "cross-claims"[1] against one of the plaintiff trust funds to recover pension benefits purportedly owed to Avila.  Plaintiffs move to dismiss the crossclaims, arguing that Avila is not a party to this case and that Bay Area Balancing lacks standing to pursue Avila's pension benefits, among other grounds for dismissal.  The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for 9:30 AM on February 25, 2022.  The case management conference previously set for the same time is CONTINUED to 2:00 PM the same day, to occur via Zoom webinar.

---

[1] This terminology is not necessarily consistent with Rule 13(g) of the Federal Rules of Civil Procedure, which provides that, so long as there is a sufficient connection to the existing case, a "pleading may state as a crossclaim any claim by one party against a *coparty*." Fed. R. Civ. 13(g) (emphasis added).  "The Ninth Circuit has not addressed the definition of 'coparty' for the purposes of Rule 13(g), and other courts have somewhat varying opinions on the issue.  However, the prevailing interpretation is that . . . crossclaims are properly asserted against only a co-party with like status, such as a co-defendant." *Trustees of U.A. Loc. 159 Health & Welfare Tr. Fund v. Ruiz Bros. Preferred Plumbing*, No. C 09-2397 PJH, 2010 WL 2889477, at *4 (N.D. Cal. July 22, 2010) (cleaned up).  This order uses the terminology chosen by Bay Area Balancing and Avila, without resolving the question of whether it is correct.

United States District Court
Northern District of California

United States District Court
Northern District of California

1       The Court agrees that Avila cannot assert a claim in this case without first becoming a

2   party.  The mechanism for a person like Avila who wishes to join an existing case through his own

3   volition—rather than having been named as the target of another party's claim—is a motion to

4   intervene under Rule 24 of the Federal Rules of Civil Procedure.  No such motion has been filed

5   here, and Bay Area Balancing cites no authority for its implied argument that a nonparty can assert

6   a crossclaim through the lens of joinder under Rule 19 without first moving to intervene under

7   Rule 24.  *See* Opp'n (dkt. 26) at 3–4; *see also, e.g.*, *Seiffer v. Topsy's Int'l, Inc.*, 487 F. Supp. 653,

8   709 (D. Kan. 1980) ("Federal Rule of Civil Procedure 13(g) provides for cross-claims against co-

9   parties.  Because orders dismissing Baum were entered on April 4 and May 2, 1979, Baum was

10  not a party when he filed his purported cross-claim.  It will, therefore, be dismissed.").  To the

11  extent the crossclaims are purportedly asserted on behalf of Avila, Plaintiffs' motion to dismiss is

12  therefore GRANTED, without prejudice to Avila either filing a motion to intervene in this case

13  under Rule 24 or filing a separate action.

14      Bay Area Balancing does not dispute that it lacks standing to sue for Avila's pension

15  benefits.  *See generally* Opp'n.  Instead, it argues that it may seek attorneys' fees under ERISA's

16  provision that "'[i]n any action under this subchapter [subject to certain conditions], the court in

17  its discretion may allow a reasonable attorney's fee and costs of action to either party.'"  *Id.* at 4

18  (quoting 29 U.S.C. § 1132(g)(1)).  That provision is generally understood as authorizing a motion

19  for attorneys' fees by a prevailing party, not a separate cause of action.  Bay Area Balancing cites

20  no authority construing § 1132(g) as providing for a counterclaim, nor any reason why such a

21  counterclaim is preferable to bringing a motion for fees if it ultimately prevails.  The motion to

22  dismiss Bay Area Balancing's "crossclaims" is therefore also GRANTED, without prejudice to

23  Bay Area Balancing moving for its attorneys' fees at a later stage of the case if warranted.

24      Bay Area Balancing and Avila seek leave to amend if the Court grants Plaintiffs' motion

25  to dismiss.  As to Avila, amendment at this juncture would be futile because he is not a party;

26  leave to amend is therefore DENIED.  If Bay Area Balancing believes it has grounds for any

27  counterclaim on its own behalf, it remains free to file such a counterclaim.

28      The parties (and Avila, who is not a party) are instructed to meet and confer before the

2

February 25, 2022 case management conference to determine whether they can agree on an appropriate mechanism for Avila to pursue his claim for pension benefits.  In those discussions, the parties should also consider whether they can *resolve* Avila's claim for benefits, which—according to Plaintiffs—would require only that Avila "confirm that he is no longer working in the Sheet Metal Industry."  *See* Reply (dkt. 28) at 2.[2]

**IT IS SO ORDERED.**

Dated: February 19, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties, as well as Avila, have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).